IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDREW A. HOWLAND,**

                Petitioner,

      v.                        CASE NO. 08-3278-SAC

**STATE OF KANSAS,**

                Respondent.

**O R D E R**

This is a petition for writ of mandamus filed pursuant to 28 U.S.C. § 1651 by an inmate of the Winfield Correctional Facility, Winfield, Kansas. Having examined the pleading, the court finds as follows.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

Plaintiff states in his Petition that he has requested leave to proceed in forma pauperis. However, he has not filed a motion for leave to proceed in forma pauperis. Instead, he has simply attached to his Petition a "Forma Pauperis Affidavit." 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit not only an affidavit described in subsection (a)(1), but also a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The clerk shall be directed to make a copy of the "Forma Pauperis Affidavit" attached to the Petition and file it as

petitioner's Motion to Proceed Without Prepayment of Fees. The court finds Mr. Howland has not provided the documentation in support of his motion that is required by Section 1915(a). However, the court also finds that this action should be dismissed for reasons that follow. Thus, the court determines that petitioner's Motion to Proceed Without Prepayment of Fees, once filed, should be provisionally granted solely for the purpose of screening and dismissing this complaint.

**SCREENING**

Because Mr. Howland is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual basis for his Petition, Mr. Howland alleges that on August 20, 2008, he submitted a "Motion in Bar, and Immediate Relief and Release" pursuant to K.S.A. §§ 22-3504 and 22-3210(d) to the Shawnee County District Court for filing in Case No. 02-CR-2856. He further alleges that the motion was file-stamped by the clerk of that court on August 22, 2008, but "there has been no response" from the court and that the court "has thus far refused to act" upon his motion. He also alleges the court has informed him that the matter is under review, but complains that the court "refused to respond"

2

to his "Motion for Final Deposition (sic)" filed on October 10, 2008.  Based upon these facts, Mr. Howland asserts his rights of access to the court, to due process, and equal protection of the law have been violated.  This federal court is asked to order the state district court to act on his motion.

**DISCUSSION**

Under 28 U.S.C. § 1651, a United States District Court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Id.  Generally, this federal court has no authority to issue a writ of mandamus to "direct state courts or their judicial officers in the performance of their duties."  Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986), quoting Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998); Fero v. Kerby, 39 F.3d 1462, 1480 (10th Cir. 1994)("federal courts hold no supervisory power over state judicial proceedings" and are, therefore, without authority to direct state courts in the performance of their duties.), cert. denied, 515 U.S. 1122 (1995).  Neither the named respondent, State of Kansas, nor any official of the Shawnee County District Court is an officer, employee, or agency of the United States. Furthermore, "mandamus is an extraordinary remedy that may only be granted if there is no other adequate remedy."  Here, there is no indication that a direct appeal following a final judgment in the Kansas District Court case would constitute an inadequate remedy for any alleged errors.  The relief petitioner seeks must be pursued in the state courts.

Accordingly, the court concludes that Mr. Howland's complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

This dismissal counts as a "prior occasion" (or "strike") under the three strikes provision, 28 U.S.C. § 1915(g). See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that the clerk copy petitioner's "Forma Pauperis Affidavit" attached to his Petition, and that it be filed and construed as petitioner's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2).

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted provisionally only for the purpose of screening and dismissing this complaint.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4